# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M.M., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 18-275 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| UPPER ST. CLAIR SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER TO UNMASK IDENTITIES

On March 2, 2018, Plaintiffs filed a Complaint under the pseudonyms "M.M." and "C.M. and L.M." against Defendant Upper St. Clair School District. (Doc. 1.) Plaintiffs did not file a motion to proceed under pseudonyms, and the Complaint did not contain any specific allegations as to why Plaintiffs' identities cannot be made public. Therefore, on March 6, 2018, the Court ordered Plaintiffs to show cause why they should be permitted to litigate this lawsuit under pseudonyms. (Doc. 3.) Plaintiffs timely responded on March 13, 2018. (Doc. 4.) The Court must now decide whether to allow Plaintiffs to proceed without revealing their identities. For the reasons that follow, the Court finds that Plaintiffs must unmask their identities if they wish to proceed in this lawsuit.

Plaintiffs are, respectively, a high school graduate with Attention Deficit Hyperactivity Disorder ("ADHD") and his parents. (Plaintiff's Response to Order to Show Cause, hereinafter "Response," at 1-2, Doc. 4.) The information that may be revealed through disclosure of Plaintiffs' identities includes "educational records, such as grades, test scores, special education records, disciplinary records, medical and health records, and attendance records." (Id. at 3.)

To restate the relevant law cited in this Court's Order to Show Cause, "one of the essential qualities of a Court of Justice [is] that its proceedings should be public." Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011) (citations omitted). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." Id. (citations omitted). "A plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" Id. (citation omitted).

Accordingly, the Court of Appeals for the Third Circuit has held that, "[w]hile not expressly permitted under Federal Rule of Civil Procedure 10(a),"[1] a court may allow a party to use pseudonyms under "exceptional cases." Id.; see also Doe v. Borough of Morrisville, 130 F.R.D. 612, 614 (E.D. Pa. 1990) ("Under special circumstances . . . courts have allowed parties to use fictitious names, particularly where necessary to protect privacy."). To proceed anonymously, a plaintiff must show "both a fear of severe harm, and that the fear of severe harm is reasonable." Megless, 654 F.3d at 408.

Curiously, Plaintiffs' argument in support of anonymity does not rest on the standard applied by the Court of Appeals for the Third Circuit in Megless. Instead, Plaintiffs assert that the privacy and confidentiality provisions that governed their Due Process Hearing with the Pennsylvania Office of Dispute Resolution ("ODR") now apply to this Court. (Response at 2-3). The Court disagrees.

Plaintiff's argument begins with the Pennsylvania regulation governing the ODR hearing, which states:

> The hearing shall be . . . closed to the public unless the parents request an open hearing. If the hearing is open, the decision issued in the case, and only the decision, shall be

---

[1] This rule states, in relevant part: "The title of the complaint must name all the parties." Fed. R. Civ. P. 10(a).

> available to the public. If the hearing is closed, the decision shall be treated as a record of the student or young child and may not be available to the public.

22 Pa. Code § 14.162(e). Plaintiffs requested a closed hearing, a closed hearing was held, and a decision from that hearing (containing information such as the student's grades and disciplinary record) was published in redacted form without Plaintiffs' names. (Response at 2.) Plaintiffs reason that proceeding in this lawsuit as named parties would allow their identities to be linked with the published ODR decision, effectively frustrating the purpose of their closed hearing. As a result, they claim that Pennsylvania law requires that this Court maintain the secrecy of their identities.

The Court disagrees that the Pennsylvania ODR regulation is relevant to these proceedings. By its terms, the regulation applies to "[t]he hearing," referring to the ODR hearing, and "the decision," referring to the ODR decision. 22 Pa. Code § 14.162(e). Clearly, this language does not apply to proceedings in federal court. To the extent Plaintiffs argue that disclosing their names in this lawsuit would cause records that "may not be available to the public," id., to become public, the Court finds that Plaintiffs have the ability to waive the privacy of their own records—for example, by filing a federal lawsuit.

The Court thus finds that Plaintiffs were not compelled by Pennsylvania law to file this lawsuit using pseudonyms, that the Pennsylvania ODR regulations do not carry over into federal proceedings, and that an order to disclose Plaintiffs' names will not conflict with the ODR regulations.

Concerning the required demonstration of harm stated in <u>Megless</u>, Plaintiffs aver only that "[l]inking Plaintiffs' identities to this private and sensitive information could potentially lead to discrimination, prejudicial treatment, retaliation, stigmatization, or jeopardize their personal safety and security." (Response at 3.) Plaintiffs do not attempt to demonstrate why this fear of

3

harm is atypically severe, or why such fear is reasonable.  Compare Doe v. Hartford Life & Accident Ins. Co., 237 F.R.D. 545, 550-51 (D.N.J. 2006) (masking identity of individual with severe bipolar disorder was warranted given specific, detailed reasons to anticipate harm from disclosure), with Doe v. UNUM Life Ins. Co. of Am., 164 F. Supp. 3d 1140, 1145 (N.D. Cal. 2016) ("[l]earning disabilities such as ADHD are not uncommon, nor are they freighted with the high risk of stigmatization that has been deemed sufficient to allow plaintiffs to proceed under fictitious names" (internal citation omitted)).  Every lawsuit carries risks that information that was previously private and sensitive will come into public view.  Plaintiffs have not demonstrated why their interests in the privacy of this litigation are sufficient to overcome the strong public interest in open proceedings.  See Megless, 654 F.3d at 408.

Accordingly, Plaintiffs hereby are **ORDERED** to refile a copy of their Complaint with their identities unmasked on or before **April 30, 2018** if they wish to proceed in this lawsuit.  Failure to do so will result in a dismissal of this action for failure to prosecute.

IT IS SO ORDERED.


April 16, 2018                                          s/Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States District Judge


cc (via ECF email notification):

All Counsel of Record