IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MYLES MARINO, by and through | ) | |
| his Parents, CHRISTOPHER | ) | |
| MARINO and LINDA MARINO, | ) | |
| and on their own behalf, | ) | Civ. A. No. 18-0275 |
| | ) | Magistrate Judge Maureen Kelly |
| Plaintiffs, | ) | |
| | ) | |
| | ) | Re: ECF No. 18 |
| | ) | |
| v. | ) | |
| UPPER ST. CLAIR SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

**KELLY, United States Magistrate Judge**

Myles Marino ("Myles"), by and through his parents, Christopher Marino and Linda

Marino, and on their own behalf (collectively, "Plaintiffs") initiated this action against defendant

Upper St. Clair School District (the "District"), alleging that the District violated Section 504 of

the Rehabilitation Act of 1973, 29 U.S.C. § 794, with respect to Myles' educational placement.

ECF No. 6. The District answered and counterclaimed. ECF No. 15. Presently before the Court is

a Motion to Dismiss counterclaims under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6),

filed on behalf of Plaintiffs. ECF No. 18. For the reasons that follow, the Motion to Dismiss will

be denied.[1]

---

[1] All parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. See 28
U.S.C. § 636 et seq. (ECF Nos. 21 and 22).

## I.   FACTUAL BACKGROUND

Myles was a former student of the District, and during his attendance, he was deemed eligible to receive accommodations pursuant to Section 504 of the Rehabilitation Act. ECF No. 15 ¶ 1. On October 13, 2016, during Myles's senior year of high school, Myles grabbed the buttocks of his teacher, violating the District's Code of Student Conduct and resulting in the filing of a juvenile court citation. Id. ¶ 2. Following this incident, the District and Plaintiffs' counsel negotiated and executed a written agreement ("Agreement") in which Myles's parents agreed to remove Myles from the high school and place him in an online educational setting for the remainder of his senior year and the District agreed to allow Myles to participate in various senior activities, athletics, and graduation events. Id. ¶¶ 2, 23, 24.

On June 14, 2017, Plaintiffs filed a timely request for an administrative Due Process Hearing with the Office for Dispute Resolution, in which they alleged that the District violated Section 504 by failing to provide Myles with a free appropriate public education ("FAPE") and by discriminating against Myles and, by association, his parents. Id. ¶ 13; ECF No. 6 ¶ 13.

The Due Process Hearing occurred on August 30, October 23, and November 2, 2017. ECF No. 15 ¶ 15; ECF No. 6 ¶ 15. The Hearing Officer issued a final order on December 2, 2017 ("Final Order"), finding: (1) the District did not violate its Child Find obligations in failing to identify Myles as eligible for special education under the [Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400–82, (IDEA)]; (2) the District did not fail to provide Myles with a FAPE under IDEA and/or Section 504 over the 2015–2016 school year; (3) the District did fail to provide Myles with a FAPE under IDEA and/or Section 504 over the 2016–2017 school year; and (4) the District did not violate its obligation to conduct a manifestation determination or

2

similar process following the October 2016 incident. ECF No. 15 ¶ 16; ECF No. 6 ¶ 16; ECF No. 6-1. The Final Order awarded Plaintiffs reimbursement for privately obtained tutoring services for Myles but denied compensatory education and other requested incurred expenditures. Id. ¶ 23.

After exhausting administrative remedies, Plaintiffs filed suit in this Court, alleging multiple violations of Section 504. ECF No. 6 ¶¶ 18, 28–47. The District answered, denying the alleged violations, and filed two counterclaims against Plaintiffs. ECF No.15 ¶¶ 29–47. The first counterclaim appeals the portion of the Final Order that is adverse to the District. Id. ¶¶ 58–64. The second counterclaim seeks attorney's fees under IDEA, 20 U.S.C. § 1415(i)(3)(B)(II) & (III), on the basis that Plaintiffs conducted proceedings for an improper purpose. Id. ¶ 69. With respect to the second counterclaim, the District alleges that Plaintiffs timed their actions so that Myles could reap all the benefits of the Agreement but could still challenge the District's pre-Agreement conduct. Id. ¶ 65–75. The counterclaim alleges that Plaintiffs filed the first due process complaint once Myles was dismissed from or quit the District's lacrosse team, but they withdrew it in order to ensure that Myles could attend senior class activities in spring 2017. Id. ¶ 72. Plaintiffs reasserted a "nearly identical" due process complaint after Myles's commencement, once Myles had received all of the benefits of the Agreement. Id. ¶ 73. The District asserts that Plaintiffs waited to repudiate the Agreement until Myles had received all the benefits of it, and the repudiation was a form of retaliation for the District's decision to discipline Myles after he sexually harassed a teacher. Id. ¶¶ 73–74.

## II.    STANDARD OF REVIEW

### A. Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). In reviewing a facial challenge under Rule 12(b)(1), a court applies the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6). Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014). Specifically, the well-pleaded facts are accepted as true, but legal conclusions may be disregarded. Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009).

### B. Rule 12(b)(6)

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all material allegations in the complaint, and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

## III.    DISCUSSION

Plaintiffs seek dismissal of both of the District's counterclaims. ECF No. 18. With respect to the District's counterclaim for appeal of the portion of the Final Order that was adverse to the District, Plaintiffs argue that this Court lacks jurisdiction over such appeal. With

respect to the District's counterclaim for attorney's fees, Plaintiffs argue that the counterclaim suffers from conclusory pleading and the District is not a "prevailing party."

## A. The District's Counterclaim for Partial Appeal

The District's first counterclaim is an appeal of the Final Order to the extent that the Final Order found that the District denied Myles a FAPE during the 2016–2017 school year. ECF No. 15 ¶ 61. Plaintiffs argue that this Court lacks jurisdiction to the extent that District brings this counterclaim pursuant to Section 504. ECF No. 19 at 5. However, the District counterclaimed pursuant to IDEA, 20 U.S.C. § 1415(i)(2)(A). ECF No. 23 at 2. Plaintiffs acknowledge the District's statutory right to appeal the Final Order under IDEA, id. at 5, but argue that this Court still cannot take jurisdiction over the appeal because the counterclaim is untimely under IDEA. ECF No. 19 at 5.

IDEA requires a party to bring an action within "90 days from the date of the decision of the hearing officer . . . ." 20 U.S.C. § 1415(i)(2)(B). This requirement, however, is inapplicable to counterclaims. Jonathan H. v. Souderton Area Sch. Dist., 562 F.3d 527 (3d Cir. 2009). In Jonathan H., the United States Court of Appeals for the Third Circuit analyzed the interplay between bringing an action and filing a counterclaim and concluded that "only a plaintiff may 'bring an action' for purposes of the IDEA," so "the plain language of the statutory text does not limit a party's right to pursue a counterclaim." Id. at 530. Therefore, the Federal Rules of Civil Procedure control the timeline to file such a counterclaim. Id. Plaintiffs do not attempt to distinguish Jonathan H. nor do they argue that this counterclaim is untimely under the Federal Rules of Civil Procedure. ECF No. 15. Plaintiffs' Motion to Dismiss is denied with respect to the District's first counterclaim.

**B. The District's Counterclaim for Attorney's Fees.**

The District's second counterclaim seeks attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i) on the basis that Plaintiffs have pursued their due process complaint for an improper purpose. ECF No. 15 ¶¶ 68, 69. Plaintiffs seek dismissal of this counterclaim, arguing that the District has not satisfied the pleading requirements and instead relies upon blanket assertions and unsupported conclusions. ECF No. 19 at 7. Plaintiffs also argue that the District cannot, at this juncture, assert that it is the prevailing party because the instant litigation is ongoing and the Court has yet to make any rulings. Id. The District responds that its pleading is sufficient to state a plausible claim for relief and that its claim is not premature as it was the prevailing party with respect to the Due Process Hearing's Final Order. ECF No. 23 at 6–7.

Section 1415(i)(3)(B)(i) states in relevant part:

(i) In general. In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs--

. . . .

(II) to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or

(III) to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

20 U.S.C. § 1415(i)(3)(B)(i)(II) & (III). The Court concludes that the District's second counterclaim sufficiently pleads factual allegations that satisfy the pleading requirements. Contrary to Plaintiffs' argument that the District omits factual allegations, the District pleads that

Plaintiffs intentionally timed their actions so Myles could reap all the benefits of the Agreement before Plaintiffs challenged the District's pre-Agreement conduct.

The District goes further into detail with factual allegations that the Agreement enabled Myles participate in and attend extracurricular activities and senior class activities, yet Plaintiffs only filed their first due process complaint after Myles was dismissed from or quit the District's lacrosse team. Then, Plaintiffs withdrew the complaint in order to ensure that Myles could attend senior class activities in spring 2017, i.e. commencement, only to reassert a "nearly identical Due Process Complaint" after commencement. ECF No. 15 ¶¶ 65–75. At this early stage in the case, the factual allegations sufficiently support the District's claim that Plaintiffs acted for an improper purpose by waiting to repudiate the Agreement until Myles had received all the benefits of it, and the repudiation was a form of retaliation for the District's decision to discipline Myles for sexual harassment.

In their Motion to Dismiss, Plaintiffs assert that because the Final Order went against the District on one issue, the District is not a "prevailing party." ECF No. 18 ¶ 9. Plaintiffs do not address this argument in their brief in support—thus providing no legal support for their argument—and the District does not respond to such argument in its brief in response. Based on the Court's own research, a party need not prevail on each and every issue to qualify as a "prevailing party" under § 1415(i)(3)(B)(i). As the Third Circuit explained:

> The IDEA provides that a district court may, in its discretion, award "reasonable attorneys' fees" to a prevailing party. 20 U.S.C. §1415(i)(3)(B)(i)(I). Generally speaking, a prevailing party is one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *J.O. ex rel. C.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 271 (3d Cir. 2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). We determine whether a party is a prevailing party using a two-pronged test: "First, 'whether plaintiffs achieved relief,' and second, 'whether there is a causal connection between the

litigation and the relief from the defendant.'" *Id.* (quoting *Wheeler v. Towanda Area Sch. Dist.*, 950 F.2d 128, 131 (3d Cir. 1991)).

To satisfy the first prong, the relief obtained *need not be all of the relief requested, nor must the plaintiff ultimately win the case*; rather, the plaintiff must merely secure "some of the benefit sought in the lawsuit." *Id.* (quoting *Wheeler*, 950 F.2d at 131).

D.F. v. Collingswood Borough Bd. of Educ., 694 F.3d 488, 501 (3d Cir. 2012) (emphasis added). Given the extent to which the District prevailed, at least in part, at the administrative level, the Court cannot conclude as a matter of law that the District is not a prevailing party.

Plaintiffs' argument that the counterclaim is unavailable because "prevailing party" status has not been conferred upon the District by *this* Court also fails. Plaintiffs have cited no case law suggesting that "prevailing party" as that term is used in § 1415(i)(3)(B)(i) only applies to a party who prevails at the district court. Nor do Plaintiffs provide any support for their assertion that such a demand must wait until all litigation is resolved. To the contrary, courts in the Third Circuit have acknowledged that § 1415(i)(3) creates a "distinct cause[ ] of action" to petition for fee shifting that is independent of a petition for court review of a hearing officer's decision under § 1415(i)(2), thus allowing a prevailing party at an administrative hearing to petition a district court for attorney's fees. See, e.g., Santino P. v. Pa. Dep't of Educ., No. 16-5230, 2017 U.S. Dist. LEXIS 92432, at *5 (E.D. Pa. June 15, 2017), aff'd, S.P. v. Pa. Dep't of Educ., 731 F. App'x 113 (3d Cir. 2018). Whether the District is ultimately successful on this counterclaim may depend on this Court's resolution of other issues presented in this case, but the District has sufficiently pled a plausible claim for relief.

8

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Dismiss counterclaims, ECF No. 18, is properly denied. Accordingly, the following Order is entered:

### ORDER

AND NOW, this 22nd day of October, 2018, IT IS HEREBY ORDERED that the Motion to Dismiss, ECF No. 18, be DENIED without prejudice to Plaintiffs' ability to raise these underlying arguments at an appropriate time in the future.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: October 22, 2018

cc:     All counsel of record by Notice of Electronic Filing

9